Date signed November 06, 2008



                                        _____
                                                    PAUL MANNES
                                              U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| PAMELA ANN WILSON | :    Case No. 04-29916PM |
| | :    Chapter 13 |
| Debtor | : |

## MEMORANDUM OF DECISION

     This case is before the court on the Chapter 13 Trustee's Motion to Dismiss this case originally filed under Chapter 7, and subsequently converted to a case under Chapter 13. The Trustee's Motion is based on Debtor's failure to make approximately 9.8 Plan payments, for an aggregate amount due of $5,417.00. The Debtor is making payments pursuant to an Amended Employee Payment Order of $1,017.00 per month under her step-payment plan. The Debtor will not be able to receive a discharge until she makes the full payment of $46,212.00 required under her confirmed Plan. Under Section 1322(d) of the Bankruptcy Code that was in effect at the time of the filing of this case on August 26, 2004, the court cannot approve a plan proposed for a period longer than five years.

     Debtor, in response to the Motion to Dismiss, explains that she paid $5,000.00 to an attorney to provide certain services to her in connection with this case and a pending restitution matter and that the attorney failed to provide any legal services. This amount is slightly less than the amount of the missing Plan payments. The court has examined the papers submitted by the Debtor under seal and notes that the attorney in question, Aaron D. Weinrauch, was disbarred by consent from the practice of law in the State Courts in Maryland by Order of the Court of Appeals of Maryland entered August 27, 2008. *Attorney Grievance Commission of Maryland v.*

*Weinrauch*, 955 A.2d 269 (Md. 2008).  He will shortly have his name stricken from the roster of attorneys entitled to practice in this court.  In the meantime, Mr. Weinrauch is suspended from practice before this court.  The court is further advised that the Debtor has paid the outstanding debt to the Department of Parole and Probation in connection with the restitution matter mentioned above, and, further, that the secured loan of Sun Trust Bank has been paid in full.

In the light of the foregoing, the court is of the opinion that the Debtor will be able to make up the missing payments over the remaining term of the Plan.  Her obligation to make the full funding required by the Plan continues whether or not she is able to obtain compensation from the Clients Protection Fund of the Bar of Maryland established under Maryland Rule 16-811.

An appropriate order will be entered.

cc:
Pamela Ann Wilson, 103-1 South Washington Street, Easton, MD 21601
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**